# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1940V
(not to be published)

| | |
|---|---|
| BERNADETTE STRAND,<br><br>                       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                       Respondent. | Chief Special Master Corcoran<br><br>Filed: April 17, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Paralegal Tasks at Attorney Rates |

*Rhonda Lorenz-Pignato*, Shannon Law Group, Woodridge, IL, for Petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

      On December 22, 2020, Bernadette Strand filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered on October 9, 2020. Petition at 1. On January 12, 2023, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 31.

      Petitioner has now filed a motion for attorney's fees and costs, dated February 3, 2023 (ECF No. 35), requesting a total award of $41,564.80 (representing $40,470.40 in fees and $1,094.40 in costs). In accordance with General Order No. 9, Petitioner filed a statement stating that she incurred no out-of-pocket expenses. ECF No. 36. Respondent

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

reacted to the motion on February 3, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 37.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner requests compensation for her attorney, Rhonda Lorenz-Pignato, at the following rates: $415 for time billed in 2020; $440 per hour for 2021; and $454 for time in 2022. ECF No. 35- 2 at 4 - 22. These rates have been previously awarded for this attorney, and will be awarded in this matter as well. Ms. Lorenz-Pignato also requests an increased rate of $477 per hour for time billed in 2023. *Id.* at 1 – 4. I find the requested rate increase to be reasonable and shall award it herein.

B. <u>Paralegal Tasks at Attorney Rates</u>

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

It appears counsel performed a number of paralegal tasks but seeks attorney rates for them. Examples of these entries include, but not limited to:

- December 11, 2020 (0.60 hrs) Research online various providers disclosed in client's Questionnaire answer to obtain full, accurate names, offices, locations and contact information for use in pleadings, in the PAR questionnaire, and for records requests";

- December 14, 2021 (0.10 hrs) "Prepare clients' affidavit to use as an exhibit including label and bates stamp";

- April 21, 2021 (0.10hrs) "Combine separate filed sent by Auroa Health, prepare them for abstracting, filing and listing on exhibit list by labeling as an exhibit and bates stamping";

3

- May 26, 2021 (0.10hrs) "Prepare records from Oreland Endoscopy/GI associates for abstracting and including in new exhibit list, but properly labeling and bates stamping";

- November 12, 2021 (0.10hrs) "Prepare a draft of the Second Updated Statement of Completion for filing after receipt of PT records."; and

- February 2, 2023 (0.10hrs) "Prepare all MyCase entries as Exhibit A to accompany Fee Petition."

ECF No. 35-2 at 20, 16, 14 and 9.

Because the Program does not pay attorney rates for such administrative tasks, I shall instead compensate this time at the following reduced rates: $163 per hour for 2020; $172 per hour for 2021; $177 per hour for 2022; and $186 per hour for 2023. These rates are more comparable to what a paralegal would receive. This reduces the amount of fees to be awarded by **$1,786.10**.[2]

## ATTORNEY COSTS

Petitioner requests $1,094.40 in overall costs. ECF No. 35 at 2. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby **GRANT IN PART** Petitioner's Motion for attorney's fees and costs. I award a total of **$39,778.70** (representing $38,684.30 in fees and $1,094.40 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[2] This amount is calculated as follows: ($415 - $163 = $252 x 1.6hr = $403.20) + ($440 - $172 = $268 x 4.4hrs = $1,179.20) + ($477 - $186 = $291 x 0.70hrs = $203.70) = $1,786.10.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
